UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DUSTIN T. CHADWICK, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 1:17-cv-00661-TWP-DML |
| NEW CASTLE CORRECTIONAL FACILITY, RANDALL Ms., Unit Team Manager, MCDANIELS Case Manager, HALL Ms., Case Manager, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Dustin Chadwick, an Indiana inmate, brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 alleging that the defendants conspired to obtain a disciplinary conviction against him.

Because Chadwick is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to

a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Chadwick alleges that the defendants conspired against him to confiscate his property boxes and obtain a disciplinary conviction against him, which resulted in the deprivation of his right to earn credit time. Based on the screening described above, Chadwick's complaint must be **dismissed**.

First, any claim based on the confiscation of his property box must be **dismissed** because he had an adequate post-deprivation remedy. *See Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Next, any claim related to the disciplinary against taken against Chadwick is not properly the subject of a civil rights complaint because a petition for writ of habeas corpus is the exclusive avenue to challenge the fact or duration of confinement. *Edwards v. Balisok,* 520 U.S. 641 (1997) (when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim); *see also, Higgason v. Farley*, 83 F.3d 807, 809-810 (7th Cir. 1996) (the denial of access to educational

programs does not infringe on a protected liberty interest, even if denied the opportunity to earn good time credits). This is true, even if, as Chadwick suggests, the defendants acted fraudulently in pursuing the disciplinary conviction. *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006) ("Even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.") (quoting *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999)); *see also Hanrahan v. Lane,* 747 F.2d 1137, 1141 (7th Cir. 1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell*, [418 U.S. 539, 558 (1974)] are provided."); *Newsome v. McCabe,* 256 F.3d 747, 751-52 (7th Cir. 2001) (holding that no federal constitutional claim – in particular none premised on substantive due process – exists for "malicious prosecution").

For the foregoing reasons, Chadwick's complaint is **dismissed**. He shall have **through May 19, 2017**, to show cause why judgment consistent with this Entry should not issue.

IT IS SO ORDERED.

Date: 4/19/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DUSTIN T. CHADWICK
159552
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362